787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
ARTHUR W. FLUKE, Defendant-Appellant.
 85-3468
 United States Court of Appeals, Sixth Circuit.
 3/31/86
 
 AFFIRMED
 S.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges; and CHURCHILL, District Judge.[1]
 PER CURIAM.
 
 
 1
 Defendant/appellant Arthur W. Fluke (Fluke) appealed his jury conviction for violating Sec. 2252--mailing child pornography.[2]
 
 
 2
 On May 10, 1984, members of the Tulsa, Oklahoma Police Department executed a search warrant authorizing a search of the residence occupied by Jack King (King). During the course of the search, Detective Charles Haralson (Haralson) discovered correspondence from appellant Fluke addressed to King. A review of the correspondence disclosed that King and Fluke had been trading child pornography materials for an extended period of time.
 
 
 3
 King agreed to cooperate with state and federal officials in various federal investigations involving child pornography, including an investigation of Fluke. King testified that his relationship with Fluke commenced during the spring of 1982 and consisted of correspondence and the trading of pornographic child photos, videotapes, and magazines. He further testified that he had previously written to Fluke and explained that as a result of the United States Customs Service seizure of pornographic materials, he was suspending his importation of such merchandise from Europe. Fluke volunteered to import the materials from Europe for King. King accepted Fluke's offer, and agreed to forward funds to cover the cost of the imported pornographic material.
 
 
 4
 Shortly after King's agreement to cooperate with the authorities, he gave Haralson the key to a post office box he had previously rented to receive his pornography. On June 12, 1984, Haralson recovered a letter from the box addressed to King from Fluke dated June 8, 1984. In the letter, Fluke inquired as to King's failure to correspond. Haralson requested King to respond to Fluke's letter.
 
 
 5
 Subsequently, on July 1, 1984, Haralson recovered another letter from the post office box addressed to King from Fluke dated June 25, 1984, wherein Fluke acknowledged receipt of King's June 18, 1984 letter and advised King that the materials from Europe had arrived. King responded to Fluke's letter and acknowledged Fluke's receipt of the materials from Europe.
 
 
 6
 Subsequently, Haralson recovered a package postmarked July 14, 1984 consigned to King from Fluke. The package contained photographs of minors engaging in sexually explicit activity. Later on July 18, 1984, Haralson recovered a second package forwarded to King by Fluke which contained pornographic magazines and additional photographs depicting minors engaged in sexually explicit conduct. Fluke was thereafter indicated on two counts of violating 18 U.S.C. Sec. 2252. At trial, Fluke relied unsuccessfully on the defense of entrapment. He was convicted by the jury on both counts, a verdict from which he appealed to this court.
 
 
 7
 When considering the defense of entrapment, the focus of the inquiry must be on '. . . the intent or predisposition of the defendant to commit the crime.' Hampton v. United States, 425 U.S. 484, 488, 96 S.Ct. 1646, 1649, 48 L.Ed.2d 113 (1976). In United States v. Pennell, 737 F.2d 521 (6th Cir. 1984), cert. denied, 105 S.Ct. 906 (1985), this court stated:
 
 
 8
 The central inquiry in entrapment cases is whether law enforcement officials implanted a criminal design in the mind of an otherwise law-abiding citizen or whether the government merely provided an opportunity to commit a crme to one who was already predisposed to do so . . . If a defendant raises the entrapment defense, the government bears the burden of proving predisposition beyond a reasonable doubt.
 
 
 9
 737 F.2d at 534 (citation omitted).
 
 
 10
 In determining whether the evidence was sufficient to establish predisposition, the evidence must be reviewed in the light most favorable to the prosecution and all reasonable inferences must be resolved in its favor. Glasser v. United States, 315 U.S. 60, 92 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. MeLernon, 746 F.2d 1098, 1111 (6th Cir. 1984).
 
 
 11
 Fluke first argued that the evidence adduced by the government in response to his entrapment defense was insufficient to establish beyond a reasonable doubt that he was predisposed to commit the offenses charged. However, even a cursory review of the record disclosed that Fluke's claims are without merit. The evidence adduced at trial disclosed: (1) Fluke's voluntary proposal to acquire and forward child pornograph magazines from Europe predated King's cooperation with the authorities; (2) the packages Fluke mailed to King included additional pornographic materials which King had not requested and were mailed spontaneously by Fluke; (3) the correspondence between King and Fluke which continued during the investigation was totally devoid of any suggestion that Fluke commit the charged offenses.
 
 
 12
 Fluke's next asignment of error charged that 18 U.S.C. Sec. 2252 did not become effective until May 21, 1984. Thus Fluke urged that the government failed to prove predisposition beyond a reasonable doubt because no evidence was introduced that Fluke, at the time of the mailings, knew his acts were criminal.
 
 
 13
 This argument is also without merit. The central inquiry in this case is whether law enforcement officials implanted the design in Fluke's mind or otherwise induced or persuaded him to mail the pornographic materials. The evidence developed at trial proved beyond any doubt that for a number of years Fluke had been predisposed to voluntarily use the mails to trade and collect child pornography and the voluntary decision to mail the pornography to King was conceived and implemented long before law enforcement officials became involved in the investigation of the offense. Since the record is devoid of any evidence of entrapment, the date upon which Fluke's acts became criminal is irrelevant. The government need not prove that Fluke knew his acts were criminal; the government must only prove that Fluke was predisposed to do the act on his own volition.
 
 
 14
 For the foregoing reasons, the decision of the district court is hereby AFFIRMED.
 
 
 
 [1]
 Hon. James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 18 U.S.C. Sec. 2252, as amended effective May 21, 1984, provides in pertinent part:
 (a) Any person who--
 (1) knowingly transports or ships in interstate or foreign commerce or mails any visual depiction, if--
 (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
 (B) such visual depiction is of such conduct; or
 (2) knowingly receives, or distributes any visual depiction that has been transported or shipped in interstate or foreign commerce or mailed or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails, if--
 (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
 (B) such visual depiction is of such conduct;
 shall be punished as provided in subsection (b) of this section.
 Prior to the amendment and as originally enacted, 18 U.S.C. Sec. 2252 provided in relevant part:
 (a) Any person who--
 (1) knowingly transports or ships in interstate or foreign commerce or mails, for the purpose of sale or distribution for sale, any obscene visual or print medium, if--
 (A) the producing of such visual or print medium involves the use of a minor engaging in sexually explicit conduct; and
 (B) such visual or print medium depicts such conduct; or
 (2) knowingly receives for the purpose of sale or distribution for sale, or knowingly sells or distributes for sale, any obscene visual or print medium that has been transported or shipped in interstate or foreign commerce or mailed if--
 (A) the producing of such visual or print medium involves the use of a minor engaging in sexually explicit conduct; and
 (B) such visual or print medium depicts such conduct;
 shall be punished as provided in subsection (b) of this section.
 Under the statute as originally enacted, one element of the crime was that the child pornographic materials be transported or shipped for the purpose of sale or distribution for sale. This is no longer an element of the crime under the amended statute.